IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

**SHARROD OCTAVIUS WILLIS,**  :
:
      **Plaintiff,**  :
**VS.**  :
:   NO. 7:15-CV-00090-HL-TQL
**SGT. PAGE,**  :
:
      **Defendant.**  :
_____ :

## ORDER

*Pro se* Plaintiff Sharrod Octavius Willis, an inmate currently confined at Valdosta State Prison in Valdosta, Georgia, filed a complaint under 42 U.S.C. § 1983 but did not pay the filing fee or file a proper motion to proceed without the prepayment of the filing fee. Accordingly, the United States Magistrate Judge ordered Plaintiff to submit a proper motion to proceed *in forma pauperis*, to include a certified copy of his prison trust fund account statement. Plaintiff was instructed that if he did not timely and fully comply with the Court's order, his action would be dismissed. Plaintiff was also instructed that if he wished to withdraw his complaint without paying the filing fee, he should file a motion to dismiss the action. Plaintiff was given twenty-one (21) days to respond to the Court's order. (Order 1-2, June 12, 2015, ECF No. 5.)

On July 10, 2015, Plaintiff submitted a "Declaration in Support of Motion to Proceed in Forma Pauperis," (ECF No. 7), in which he merely reiterated that he is indigent and unable to prepay the required filing fee. Plaintiff did not supply the Court with the certified account statement as ordered. Thus, on July 30, 2015, the Magistrate

Judge ordered Plaintiff to respond and show cause why his case should not be dismissed for failure to comply with the Court's orders and instructions. Plaintiff was given twenty-one (21) days to respond and was again warned that failure to comply with an order of this Court is grounds for dismissal. (Order 2-3, July 30, 2015, ECF No. 8.)

On August 19, 2015, Plaintiff responded to the show cause order by submitting an unsigned, one-page "Resident Account Summary" dated April 8, 2012—more than three years before Plaintiff filed his § 1983 complaint. As noted in the Magistrate Judge's June 12, 2015 Order, the law requires Plaintiff to submit "a certified copy of [his] trust fund account statement (or institutional equivalent) . . . **for the 6-month period immediately preceding the filing of the complaint**." 28 U.S.C. § 1915(a)(1)-(2) (emphasis added). Plaintiff has still failed to supply the Court with a complete, certified account statement as previously ordered or explained why he cannot comply. Without this information, the Court cannot properly address Plaintiff's request to proceed without prepayment of the filing fee.

A district court may dismiss an action *sua sponte* for failure to prosecute or failure to obey a court order. *See Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (per curiam). Thus, because of Plaintiff's failure to pay the required filing fee and failure to comply with the Court's instructions and orders, his Complaint shall be **DISMISSED**. *See* Fed. R. Civ. P. 41. This dismissal is without prejudice.

**SO ORDERED**, this 8th day of October, 2015.

*s/ Hugh Lawson*
HUGH LAWSON, SENIOR JUDGE